IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

**ROBERT SMITH,**

       **Petitioner,**

v.                                           **Criminal Action No. 4:02cr24**
                                                     **Civil Action No. 4:05cv129**

**UNITED STATES OF AMERICA,**

       **Respondent.**

**OPINION and ORDER**

Pending before the court is a Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("the petition"), filed by Robert Smith ("the petitioner") on August 26, 2005. The petitioner, in reliance on the decisions of Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005), claims that his sentence was unconstitutional because it was enhanced based on factors not admitted by the defendant nor found by a jury. The court finds, however, that it is "indisputably clear from the materials presented . . . that the petition is untimely and cannot be salvaged by equitable tolling principles." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). Furthermore, even if the court were to consider the substance of the petition, the court finds that it plainly appears from the face of the petition that the petitioner is not entitled to relief and that the petition would be subject to summary dismissal. See Rule 4, Rules Governing Section 2255 Proceedings.

I. Background

On March 6, 2002, the petitioner was indicted on two counts of possession with intent to

distribute cocaine base and cocaine. On July 9, 2002, the petitioner entered into a plea agreement with the government and pled guilty to Count One of the indictment. On November 26, 2002, the court sentenced the petitioner to 136 months imprisonment based on a Criminal Offense Level 29 and a Criminal History Category IV. The petitioner had no objections to the Presentence Report and did not appeal this sentence. The petitioner filed the instant petition on August 26, 2005. Because this matter is one that can be addressed without the assistance of the United States, this court has not ordered the United States to respond. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 4(b). Thus, this matter is now ripe for review.

## II. Discussion

### A. Timeliness of Petition

A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. See 28 U.S.C. § 2255. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), made substantial changes to section 2255. The AEDPA includes stringent limitations on the filing of successive section 2255 petitions and assigns a "gatekeeping" function for the screening of habeas petitions. See Felker v. Turpin, 518 U.S. 651, 664 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction). Most importantly, for purposes of addressing this petition, the AEDPA implemented a one-year limitation period applicable to the filing of section 2255 petitions. In relevant part, section 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The

>    limitation period shall run from the latest of –
>
>    (1) the date on which the judgment of conviction becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

As the petitioner did not appeal his sentence, his conviction became final when the time period for filing an appeal expired. See Clay v. United States, 537 U.S. 522, 524- 527 (2003) (noting that finality attaches when the time for seeking review expires) ; United States v. Sanders, 247 F.3d 139, 142-144 (4th Cir. 2001). The petitioner was sentenced on November 26, 2002; thus, his conviction became final ten days later. See Fed. R. App. P. 4(b), 26. The instant petition was filed on August 26, 2005, over two years and seven months after his conviction became final.

The court finds that the date that the petitioner's conviction became final is the triggering date that must be used in applying the AEDPA statute of limitation. From the motion itself, there has been no showing of any impediment by the government that would have prevented the petitioner from filing the petition at an earlier date. In addition, the claims are based on facts that would have been known to the petitioner at the conclusion of his sentencing.

The petitioner attempts to show that his petition is timely by arguing that the Supreme Court

3

has announced a new rule that is retroactive to cases on collateral review. United States v. Lilly, 342 F. Supp. 2d 532, 539 (W.D. Va. 2004). Such a showing would enable the petitioner to restart the one-year limitation period based on 28 U.S.C. § 2255, paragraph 6(3). However, the court finds that neither Blakely nor Booker have been made retroactively applicable to cases on collateral review and, thus, do not serve to make the petitioner's section 2255 motion timely within the AEDPA.

A decision announces a new rule if the "result was not dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 295 (1989). Although Blakely and Booker stemmed from the Court's holding in Apprendi, it does not appear that the result in Booker was dictated by precedent. The application of Apprendi to the sentencing enhancements in the guidelines was certainly not foreseen by the courts of appeals after the Supreme Court decided Apprendi. See e.g., United States v. Sanders, 247 F.3d 139, 150 (4th Cir. 2001) (holding that court can enhance sentences on bases of judicially determined facts so long as statutory maximum is not exceeded); Lilly, 342 F. Supp. 2d at 537 n.3 (citing similar decisions from other courts of appeals).

Assuming then, that the decision announced in Blakely and extended to the federal sentencing guidelines in Booker announced a new rule, it is only in a narrow class of cases that the new rule will apply retroactively to cases on collateral review. See Schriro v. Summerlin, 124 S. Ct. 2519, 2522 (2004). The petitioner must either show that the new rule is substantive, rather than procedural, or show that the new rule is a "watershed rule of criminal procedure." Id. at 2523.

There is little doubt that the rule announced in Booker is procedural rather than substantive. No conduct that was forbidden prior to Booker is permitted today. Booker only "regulates the manner of determining the defendant's culpability." Summerlin, 124 S. Ct. at 2523. Booker does

4

not involve the substantive determination of what type of conduct is lawful or unlawful. Moreover, the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), upon which Booker relied, has been determined to constitute a procedural rule that does not apply retroactively on collateral review. See Summerlin, 124 S. Ct. at 2523; United States v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001) (finding that rule announced in Apprendi does not apply retroactively on collateral review).

A procedural decision may be applied retroactively if it establishes one of those rare "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Summerlin, 124 S. Ct. at 2523; Teague, 489 U.S. at 311 (1989). In order to constitute such a rule, it must "so seriously diminish 'accuracy that there is an impermissibly large risk' of punishing conduct the law does not reach." Summerlin, 124 S. Ct. at 2525 (quoting Teague, 489 U.S. at 312-13).

The rule announced in Booker is not such a watershed change. As the Seventh Circuit has recently described:

> Booker does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the [S]ixth [A]mendment so long as the guideline system has some flexibility in application.

McReynolds v. United States, 398 F.3d 479, 481 (7th Cir. Feb. 2, 2005).

There is nothing in either Blakely or Booker to suggest that the Supreme Court meant to overrule the many cases holding that Apprendi does not apply retroactively on collateral review. This determination is in line with numerous other courts that have addressed the issue of retroactivity, either in the immediate wake of the Blakely decision, or following the more recent decision in Booker. See id.; Lilly, 342 F. Supp. at 538-39 n.5 (citing cases). In fact, in addition to

the Seventh Circuit's decision in McReynolds, each circuit that has addressed the issue of retroactivity in the wake of Booker has determined that the rule announced in that decision is not applicable on collateral review. See United States v. Cruz, No. 03-35873, 2005 U.S. App. LEXIS 19901, at *5-6 (9th Cir. Sept.16, 2005); Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. May 17, 2005); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. Apr. 8, 2005); United States v. Price, 400 F.3d 844, 849 (10th Cir. Mar. 8, 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. Feb. 25, 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. Feb. 17, 2005); McReynolds, 397 F.3d at 491. See also United States v. Johnson, 353 F. Supp. 2d 656, 657-58 (E.D. Va., Jan. 21, 2005). Thus, considering that Blakely does not apply to restart the limitation period, the court determines that the one-year period began when the petitioner's conviction became final. See 28 U.S.C. § 2255. As the petitioner's conviction became final over two years and seven months prior to the filing of the instant petition, the court concludes that the petition is time-barred.

Ordinarily, prior to raising the issue of the AEDPA statute of limitation sua sponte, a district court must warn the petitioner that the petition is subject to dismissal absent a sufficient explanation, "unless it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles." Hill, 277 F.3d at 707. The court finds that such a warning is unnecessary in this case for the following reason.

As the argument that Booker is retroactive for purposes of the statute of limitations also extends to the petitioner's substantive claims, it is clear to the court from the materials before it that there is simply no other means for this petition to be salvaged. See Hill, 277 F.3d at 707. Certainly, the petitioner's reliance on a recent Supreme Court decision does not constitute grounds for equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (discussing limited grounds

available for equitable tolling); see also United States v. Sosa, 364 F.3d 507, 513-14 (4th Cir. 2004) (declining to overturn district court's decision to sua sponte dismiss petitioner's section 2255 motion without prior notice to petitioner because jurists of reason would not find it debatable that equitable tolling was justified).  The viability of the petition depends completely on the retroactive operation of Booker.  As these decisions do not have retroactive effect, the court finds that it is "indisputably clear" that the petition is untimely.  Hill, 277 F.3d at 701.

    B. Summary Dismissal

The court also finds that even were this petition not ripe for dismissal on timeliness grounds, a review of the substance of the petitioner's claims would still warrant summary dismissal without the need for a response from the government.  Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the court may summarily dismiss the petition "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court."  Rule 4(b), Rules Governing 2255 Proceedings.

The petitioner's substantive claims are all based on the assumption that Blakely and Booker are retroactive on collateral review.  The petitioner claims, under Blakely and Booker, that his sentence was unconstitutional because he was sentenced pursuant to the then mandatory Federal Sentencing Guidelines. As discussed above, the reason that Blakely and Booker cannot serve to restart the one-year limitation period for filing a section 2255 petition is because these decisions have not been made retroactively applicable on collateral review.  For the same reason, a petitioner whose conviction became final long before either Blakely or Booker were decided cannot rely on the effect of these decisions that would be available to cases on direct review.  See Lilly, 342 F. Supp. 2d at 539 (noting that retroactivity analysis is identical for both timely and untimely petitions).

7

Accordingly, as the petitioner cannot rely on the retroactive effect of Blakely and Booker, his petition is also subject to summary dismissal.

The petitioner also claims that because of Booker, he is actually innocent of the sentence imposed, and that this court should excuse his procedural default and correct his unjust incarceration. In Dretke v. Haley, 541 U.S. 386 (2004), the Supreme Court declined to answer the question whether the actual innocence exception applies to procedural default of constitutional claims challenging non-capital sentencing errors. However, the Court held "that a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." Id. In this case, even if his petition were timely, the petitioner would not be entitled to relief because, other than Booker, he presents no explanation as to why he is actually innocent of the sentence imposed. Accordingly, because Booker is not retroactive, his argument is without merit. Furthermore, the Fourth Circuit has limited the actual innocence exception to non-capital cases involving habitual offender statutes. United States v. Mikalajunas, 186 F.3d 490, 494-95 (4th Cir. 1999).

Finally, the petitioner also claims, pursuant to United State v. Glen, 418 F.3d 181 (2d Cir. 2005)[1], that his sentence was unconstitutionally enhanced under 21 U.S.C. § 851 based on two prior convictions that were not yet finalized. However, even if the court were not dismissing the instant petition on timeliness grounds, the petitioner's argument would be without merit because he offers no evidence to support his claims, and there is no evidence that the petitioner was subject to any type

---

[1] In Glen, the Second Circuit explained that because the defendant's prior convictions were not final, he should not have been subject to the statutory minimum of life for recidivists, which is set forth in section 841(a)(1)(b).

of statutory enhancement based on his prior convictions like the defendant in Glen.

III. Conclusion

Pursuant to the statute of limitations proscribed in the AEDPA, the petition filed on August 26 , 2005 is **DISMISSED**.  The court also concludes that even if the petition were timely, it would be subject to summary dismissal and must be **DENIED**.  Finding no substantial issue for appeal concerning a debatable procedural issue, a certificate of appealability is **DENIED**.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The petitioner is **ADVISED** that he may appeal from the denial of a certificate of appealability by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 18th, 2005